COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-149-CR

 

 

ALFRED CARL KING                                                             APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 297TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Alfred Carl King appeals the
trial court=s denial of
his motion for DNA testing.  In a single
point, appellant complains that the trial court may have improperly considered
his guilty plea when ruling on the motion. 
We affirm.

 








A trial court may order DNA
testing only if, among other things, it finds that identity was or is an issue
in the case.[2]  The court is prohibited from finding that
identity was not an issue based solely on a defendant=s guilty plea.[3]  If the defendant admitted to committing the
crime, however, identity is not an issue, even if the defendant also pleaded
guilty.[4]

In this case, appellant was
convicted of murder pursuant to a plea bargain. 
In ruling on appellant=s motion for DNA testing, the trial court found that appellant
admitted that he fired a gun three times into the house where the murder
occurred, that he fired the gun that shot and killed the victim, and that he
told another person that he killed the victim.[5]  Because appellant admitted to killing the
victim, his identity was not an issue in the case.  Therefore, the trial court properly denied
appellant=s motion for
DNA testing.

 








We overrule appellant=s point and affirm the trial court=s order denying DNA testing. 

 

PER CURIAM

 

PANEL
F:    CAYCE, C.J.; WALKER and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  January 12, 2006

 











[1]See Tex. R. App. P. 47.4.





[2]Tex. Code Crim. Proc. Ann. art.
64.03(a)(1)(B) (Vernon Supp. 2005).





[3]Id. art.
64.03(b).





[4]See
Bell v. State, 90 S.W.3d 301, 308 (Tex. Crim. App. 2002)
(defendant confessed to crime); Arroyo v. State, No. 02-04-00218-CR,
2004 WL 1944417, at *1 (Tex. App.CFort Worth Sept. 2, 2004,
pet. ref=d)
(mem. op.) (not designated for publication) (defendant admitted having sexual
intercourse with victim and stabbing her).





[5]See
Rivera v. State, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002) (holding
that reviewing court affords almost total deference to trial court=s
determination of historical fact issues when ruling on motion for DNA testing).